## Hoffman's License

*Elmer D. Christine* and *M. S. DePierro*, for petitioner.

*Peter J. Jurchak*, Special Attorney General, for Pennsylvania Liquor Control Board.

DAVIS, P. J., May 24, 1947.—This is an appeal by James E. Hoffman, Jr., from an order of the Pennsylvania Liquor Control Board refusing to grant a hotel liquor license and amusement permit for premises located at Pocono Pines, in the Township of Tobyhanna. In compliance with the requirements of the law this appeal was called for a hearing de novo at which time

it was stipulated and agreed that the testimony taken before the examiner for the Liquor Control Board, together with a petition of residents of Tobyhanna Township, be submitted to the court as the record in the case in lieu of the taking of oral testimony of witnesses. The record as stipulated does not contain the opinion and order of the board, however, we will adopt the copy of the opinion and order of the board attached to the petition for appeal as part of the record.

The record before the court discloses that James Hoffman, father of appellant and proprietor of the establishment referred to in the record as the "Hoffman House" has a license to sell beer on said premises which he has held continuously since 1933; that at the time of the hearing before the examiner for the Liquor Control Board there was an application on file with the Liquor Control Board at Harrisburg asking for a transfer of this retail dispenser's license from James Hoffman, Sr., to appellant, James E. Hoffman, Jr. There is nothing in the record to indicate that the application for transfer has been disposed of by the Liquor Control Board. Appellant, James E. Hoffman, Jr., applied to the Pennsylvania Liquor Control Board for a hotel license and amusement permit for the same premises for which the aforesaid retail dispenser's license had been granted.

Petitioner testifies that his father desired to go out of business and wanted him, a disabled war veteran, to have the place; that he has done remodeling to the property having more or less to do with the equipment in the kitchen at a substantial cost.

The record further discloses that the premises in question are within 300 feet of the Pocono Lake Methodist Church; that in 1938 the Pennsylvania Liquor Control Board granted a restaurant liquor license to Albert Ley for premises which are likewise within 300 feet of the Pocono Lake Methodist Church.

Rev. George C. Lurwick, pastor of the said church, appeared before the examiner and objected to the granting of the license for the reason that it was within 300 feet of the church, and stated that he was acting for the church but that no formal action had been taken by the congregation or the governing body of the church.

Mrs. Claude Bush, a member of said church, also appeared before the examiner and objected to the granting of the license for the same reason.

Albert A. Herrick, a resident of Pocono Pines, testified before the examiner that the reputation of the Hoffman Hotel for serving good food was the best in the vicinity and that the rooms and the food and the sanitary conditions were all very good and that as far as he knew nobody could say a thing against James Hoffman, Jr.

Franklin Smith, a resident of Pocono Pines, appeared before the examiner and testified that he had been there over three years and "never run into anybody that said anything against Mr. Hoffman", that the reputation of the Hoffman House is good and the reputation of the present applicant for a hotel liquor license is good.

By agreement of counsel, the petition of residents of Tobyhanna Township urging the court to direct the Pennsylvania Liquor Control Board to issue a hotel liquor license to James E. Hoffman, Jr., was submitted in evidence at the hearing before the court.

The Pennsylvania Liquor Control Board refused the application for a hotel liquor license and amusement permit for the following reason:

"The premises are located within 300 feet of the Pocono Lake Methodist Episcopal Church which institution has objected to the granting of a license in this establishment."

The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, 47 PS §744-404, under which the present appeal is taken provides, inter alia:

"The Court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the Board. The Court shall either sustain the refusal of the Board or order the issuance of the license to the applicant. There shall be no further appeal."

This statute places the burden on appellant to prove that he has complied with all the provisions of the Liquor Control Act relating to the application for license: Commonwealth v. Funk, 323 Pa. 390, 399; Privol's Appeal, 20 D. & C. 163, 166; Steffen's License, 41 D. & C. 708.

Section 402 of the Pennsylvania Liquor Control Act of 1933, as amended, 47 PS §744-402, provides, inter alia, that the applicant for a hotel liquor license shall file a written application with the board in the prescribed form accompanied by a filing fee, a prescribed license fee, and a bond, and then sets forth what information the application shall contain. Section 401 of the same act, 47 PS §744-401, provides:

"No person who holds, either by appointment or election, any public office which involves the duty to enforce any of the penal laws of the United States of America, or the penal laws of the Commonwealth of Pennsylvania, or any penal ordinance or resolution of any municipal subdivision of this Commonwealth, shall be issued any hotel or restaurant liquor license, nor shall such a person have any interest, directly or indirectly, in any such license."

The act and the regulations of the board require certain other matters to be proved before the license is granted which we will not detail here. If the decision in this case rested upon proof of matters such as outlined above we would give the applicant an opportunity to produce additional proof. However, we believe the admitted facts in the case require us to sustain the board. Therefore, there would be no point to taking additional testimony.

The record clearly shows that James Hoffman, Sr., holds a retail dispenser's license for the Hoffman House. It also discloses that James E. Hoffman, Jr., by this appeal is asking the court to direct the Pennsylvania Liquor Control Board to issue a hotel liquor license to James E. Hoffman, Jr., for the same premises, the Hoffman House. If we sustained this appeal we would have the anomalous situation of one proprietor having the privilege of operating an eating place and selling malt beverages and another proprietor operating the same premises furnishing food and selling malt beverages and hard liquor. This situation would clearly offend not only the spirit of the Pennsylvania Liquor Control Act but also would be in direct violation of sections 402 and 403 of the said act, as well as the regulations of the board, which is sufficient reason to sustain the Liquor Control Board in its refusal to grant the license in question.

There is no competent evidence before this court from which to find that James Hoffman, Sr., would allow James E. Hoffman, Jr., to operate under a hotel liquor license on the premises, either concurrently with his operation of his retail dispenser license or alone. No written agreement relating to this matter has been offered in evidence. No oral agreement relating to the same has been proven by competent evidence. James Hoffman, Sr., did not appear before the board or the court. In fact the applicant, James E. Hoffman, Jr., referring to the hotel testified, "If a license should be given to me, it is my idea to take it over". This statement might well be construed as proof of the fact that no definite agreement had been reached between father and son.

Apparently the appellant or his counsel, Mr. DePierro, was cognizant of this situation because at the hearing before the examiner Mr. DePierro stated:

"I think it should be stated on the record that there is an application on file with the Liquor Control Board

at Harrisburg asking for a transfer of that retail dispensers license from the father, James Hoffman, Sr., to the applicant here—that is before the board now."

The record offers no explanation why this application for transfer of retail dispenser's license was not followed up and determined.

The evidence amply warrants the court in finding that James E. Hoffman, Jr., is a person of good repute as required by the act. We also find that the Hoffman House bears an excellent reputation for the furnishing of good food and accommodations and for being operated in a lawful manner.

Since the hearing is de novo the court is not limited to a consideration of the reasons given by the board for the refusal of the license. This principle was cogently stated by Judge Keller in Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 255, as follows:

"We call attention to the fact that under the Act of 1937, . . ., the hearing in Quarter Sessions on appeal is de novo, and that the Court may sustain the refusal of a license for different reasons from those given by the Board or for reasons additional to those stated by the Board."

Since we have already determined that the appeal should be dismissed for reasons not given by the Liquor Control Board in refusing to grant the license, it would serve no good purpose to prolong this opinion by a discussion relating to the reason given by the board for refusal to grant the license.

And now, May 24, 1947, we sustain the action of the Pennsylvania Liquor Control Board and dismiss the appeal at the cost of appellant, without prejudice to appellant to pursue the application for transfer of retail dispenser's license heretofore mentioned, and without prejudice to appellant to again apply to the Pennsylvania Liquor Control Board for a hotel liquor license for the premises herein referred to as the law and regulations of the board allows.